### J. B. PHELPS v. STATE. (No. 12401.)

Court of Criminal Appeals of Texas. Jan. 16, 1929.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for theft; punishment being two years in the penitentiary.

Appellant has filed with this court his affidavit requesting that his appeal be dismissed, and in compliance with such request the dismissal is hereby ordered.

### Jerry RILEY v. STATE. (No. 11781.)

Court of Criminal Appeals of Texas. Oct. 24, 1928.

Rehearing Denied Jan. 23, 1929.

R. H. Cocke, of Wellington, and Black & Graves and Robert M. Turpin, all of Austin, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The record before us shows appellant to have been arrested on November 25, 1927; made bond on the same day, and had subpoenas issued for his witnesses November 26th, which process was returned on same day, showing that all the witnesses, save a Mr. Brock, were "not found." No alias process was issued or asked for. The case came on for trial December 1st, and appellant asked a continuance or postponement on account of the absence of a Mrs. Lathrum, setting out in his application that the clerk made a mistake in stating the name of said witness in the subpoena issued; it being urged that her name was set out in said process

as Mrs. Lathum. We are unable to perceive the materiality or difference in the statement of the names. Process was issued for Mrs. Lathum and also for Jack Cunningham, and the return shows that neither Mrs. Lathum nor Jack Cunningham could be found. Motion for new trial was filed on December 3d, and was overruled on December 5th. The record contains no bill of exceptions presenting any extraneous matter relied upon. in addition to the ordinary matters in the record, in reference to the overruling of a motion for new trial. There appears in the record an affidavit, dated December 21, 1927, not attached to nor made a part of any paper properly in the record; nor is there any order of the trial court, or any other reason set up in the record, why this court should consider said affidavit.

The notice of appeal, given December 5th, granted 90 days for filing bills of exception and statement of facts. Such period of time expired March 4, 1928. The bills of exception and statement of facts were filed March 15, 1928. They came too late for consideration.

No error appearing, the judgment will be affirmed.